JUDGE FORREST

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

12 CV 5359

EDILBERTO CARAVANTE-AVILA,
ARTURO CARAVANTES GARCES,
RODOLFO CASTRO PERALTA, SEGUNDO
CHUQUI, CRISTIAN FERNANDEZ,
KLEBER ANTONIO LIMONES ALCIVAR,
PASCUAL QUECHOL-CORTES, JOSE
SALAZAR, JULIO RODOLFO SICAJAN
XOC, CUAUHTEMOC SOLANO-REYES,
and RIGOBERTO VALDON-BARRIOS,
individually and on behalf of all other persons
similarly situated,

Plaintiffs,

–against–

CHAYA MUSHKAH RESTAURANT
CORPORATION d/b/a CHASBAH
RESTAURANT and KASBAH BBQ &
GRILL, and YOSEF M. DERY, jointly and
severally,

Defendants.



## COMPLAINT AND JURY DEMAND

1.    The plaintiffs allege on behalf of the plaintiffs and other similarly situated current
and former employees of the defendants who elect to opt in to this action, pursuant to the Fair
Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., that the plaintiffs and those collective
action members are entitled to: (i) unpaid minimum wages from the defendants for hours the
plaintiffs and the collective action members worked for which the defendants did not pay the
plaintiffs and the collective action members the full minimum wage; (ii) unpaid wages from the
defendants for overtime work for which the defendants did not pay the plaintiffs and the
collective action members overtime premium, as required by law; (iii) tips to the plaintiffs and

1

the collective action members misused by the defendants; (iv) liquidated damages; and (v) attorneys' fees and costs of the action.

2.     The plaintiffs further allege, pursuant to the New York Labor Law, Art. 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), that the plaintiffs are entitled to (i) unpaid minimum wages from the defendants for hours the plaintiffs worked for which the defendants did not pay the plaintiffs the full minimum wage; (ii) unpaid wages from the defendants for overtime work for which the defendants did not pay the plaintiffs overtime premium, as required by law; (iii) unpaid spread of hours wages from the defendants for each day the plaintiffs worked longer than ten hours; (iv) gratuities unlawfully retained by the defendants; (v) liquidated damages for failure to pay minimum wage, overtime premium, and spread of hours pay; (vi) liquidated damages for failure to furnish the plaintiffs a notice and acknowledgment at the time of hiring; (vii) liquidated damages for the failure of the defendants to furnish a statement with each payment of wages; and (viii) attorneys' fees and costs of the action.

<u>JURISDICTION AND VENUE</u>

3.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over the plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. The Court has jurisdiction over the plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4.     Venue is proper in this district pursuant to 28 U.S.C. § 1391.

5.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## COLLECTIVE ACTION ALLEGATIONS

3.  Pursuant to 29 U.S.C. § 207, the plaintiffs seek to prosecute the plaintiffs' FLSA claims as a collective action on behalf of all persons who are or were formerly employed by the defendants at any time since three years prior to the date of this complaint, to the entry of judgment in this case, who were non-exempt employees within the meaning of the FLSA and who were not paid the minimum wage or overtime compensation at a rate not less than one-half times the regular rate of pay for hours worked in excess of forty per workweek.

4.  These collective action members are so numerous that joinder of all collective action members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the defendants, upon information and belief, there are approximately forty collective action members, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.

5.  The plaintiffs will fairly and adequately protect the interests of the collective action members and have retained attorneys that are experienced and competent in the fields of employment law and class action litigation. The plaintiffs have no interest that is contrary to or in conflict with those of the collective action members.

6.  A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all collective action members is impracticable. Furthermore, inasmuch as the damages suffered by individual collective action members may be relatively small, the expense and burden of individual litigation make it impractical for the collective action members to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

7.   Questions of law and fact common to the collective action members predominate over questions that may affect only individual collective action members because the defendant has acted on grounds generally applicable to all collective action members. Among the common questions of law and fact common to the collective action members are:

a.   whether the defendants employed the collective action members within the meaning of the FLSA;

b.   what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c.   whether the defendants failed to pay the collective action members the minimum wage, in violation of the FLSA and the regulations promulgated thereunder;

d.   whether the defendants failed to pay the collective action members overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e.   whether the defendants' violations of the FLSA are willful as that term is used within the context of the FLSA; and

f.   whether the defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees.

<u>PARTIES</u>

6.   The plaintiff Edilberto Caravante-Avila is and was at all relevant times an adult residing in Queens County, New York.

7.      The plaintiff Arturo Caravantes Garces is and was at all relevant times an adult residing in Queens County, New York.

8.      The plaintiff Rodolfo Castro Peralta is and was at all relevant times an adult residing in Queens County, New York.

9.      The plaintiff Segundo Chuqui is and was at all relevant times an adult residing in Queens County, New York.

10.     The plaintiff Cristian Fernandez is and was at all relevant times an adult residing in Bronx County, New York.

11.     The plaintiff Kleber Antonio Limones Alcivar is and was at all relevant times an adult residing in Queens County, New York.

12.     The plaintiff Pascual Quechol-Cortes is and was at all relevant times an adult residing in Queens County, New York.

13.     The plaintiff Jose Salazar is and was at all relevant times an adult residing in Bronx County, New York.

14.     The plaintiff Julio Rodolfo Sicajan Xoc is and was at all relevant times an adult residing in Kings County, New York.

15.     The plaintiff Cuauhtemoc Solano-Reyes is and was at all relevant times an adult residing in Queens County, New York.

16.     The plaintiff Rigoberto Valdon-Barrios is and was at all relevant times an adult residing in Hudson County, New Jersey.

17.     Upon information and belief, the defendant Chaya Mushkah Restaurant Corporation is and was at all relevant times a New York corporation with its principal place of business in New York County.

5

18.     Upon information and belief, the defendant Yosef M. Dery is and was at all relevant times an adult residing in New York.

<u>STATEMENT OF FACTS</u>

19.     At all relevant times, the defendants operated a restaurant permitted by the City of New York under the name Chasbah Restaurant and doing business as Kasbah BBQ & Grill, at 251 West 85th Street, New York, New York.

20.     Upon information and belief, at all relevant times, the defendant Yosef M. Dery is and was at all relevant times an individual who actively participated in the business of the defendants, exercised substantial control over the functions of the employees of the defendants, including the plaintiffs and the collective action members, and acted directly or indirectly in the interest of an employer.

21.     Approximately from April 2004, the defendants employed the plaintiff Edilberto Carvente-Avila as a waiter at the defendants' restaurant.

22.     The plaintiff Edilberto Carvente-Avila worked for the defendants approximately between 59 and 65 hours per week.

23.     The defendants paid the plaintiff Edilberto Carvente-Avila approximately $8.00 per hour, and then beginning in 2009, an additional approximately $100.00 per week.

24.     The defendants required the plaintiff Edilberto Carvente-Avila to share the tips he earned with the plaintiff Edilberto Carvente-Avila's manager.

25.     Approximately from September 2011, the defendants employed the plaintiff Artuto Caravantes Garces as a host and busser at the defendants' restaurant.

26.     The plaintiff Artuto Caravantes Garces worked for the defendants approximately 28 hours per week.

27.    The defendants paid the plaintiff Artuto Caravantes Garces approximately $5.00 per hour.

28.    Additionally, the plaintiff Artuto Caravantes Garces worked for the defendants at the defendants' restaurant when the restaurant was the venue for private parties, and the defendants paid the plaintiff Artuto Caravantes Garces no wages for these hours.

29.    The defendants did not pay the plaintiff Artuto Caravantes Garces for all the hours he worked for the defendants.

30.    The defendants misused tips earned by the plaintiff Artuto Caravantes Garces.

31.    Approximately From July 2008 to June 2009 and again commencing approximately June 2011, the defendants employed the plaintiff Rodolfo Castro Peralta as a busser at the defendants' restaurant.

32.    The plaintiff Rodolfo Castro Peralta worked for the defendants approximately 33 hours per week, and then approximately 13 hours per week commencing approximately January 2012.

33.    The defendants paid the plaintiff Rodolfo Castro Peralta approximately $5.00 per hour.

34.    Approximately from October 2005, the defendants employed the plaintiff Segundo Chuqui as a waiter at the defendants' restaurant.

35.    The defendants misused tips earned by the plaintiff Segundo Chuqui.

36.    Approximately from September 2008, the defendants employed the plaintiff Cristian Fernandez as a cook at the defendants' restaurant.

37.    The plaintiff Cristian Fernandez worked for the defendants approximately 73 or 78 hours per week.

38.     The defendants paid the plaintiff Cristian Fernandez approximately between $7.25 and $9.00 per hour.

39.     Approximately from November 30, 2004, the defendants employed the plaintiff Kleber Antonio Limones Alcivar as a packager at the defendants' restaurant.

40.     The plaintiff Kleber Antonio Limones Alcivar worked for the defendants approximately 23 hours per week.

41.     The defendants paid the plaintiff Kleber Antonio Limones Alcivar approximately between $7.00 and $7.50 per hour.

42.     Approximately from 2005 or 2006 to March 2011 and again commencing approximately December 2011, the defendants employed the plaintiff Pascual Quechol-Cortes as a cook at the defendants' restaurant.

43.     The plaintiff Pascual Quechol-Cortes worked for the defendants approximately between 46 and 75 hours per week.

44.     The defendants paid the plaintiff Pascual Quechol-Cortes approximately between $6.00 and $12.00 per hour.

45.     Approximately from March 10, 2006, the defendants employed the plaintiff Jose Salazar as a cook at the defendants' restaurant.

46.     The plaintiff Jose Salazar worked for the defendants approximately 55 or 60 hours per week.

47.     The defendants paid the plaintiff Jose Salazar approximately between $6.00 and $10.00 per hour.

48.     Approximately from November 8, 2007, to June 13, 2011, the defendants employed the plaintiff Julio Rodolfo Sicajan Xoc as a cook and maintainer at the defendants' restaurant.

49.     The plaintiff Julio Rodolfo Sicajan Xoc worked for the defendants approximately 71 or 79 hours per week.

50.     The defendants paid the plaintiff Julio Rodolfo Sicajan Xoc approximately between $6.50 and $8.00 per hour.

51.     Approximately from September 10, 2011, to November 1, 2011, the defendants employed the plaintiff Cuauhtemoc Solano-Reyes as a waiter at the defendants' restaurant.

52.     The plaintiff Cuauhtemoc Solano-Reyes worked for the defendants approximately 32 hours per week.

53.     The defendants paid the plaintiff Cuauhtemoc Solano-Reyes approximately $5.00 per hour.

54.     The defendants misused tips earned by the plaintiff Cuauhtemoc Solano-Reyes.

55.     Approximately from April 2010, the defendants employed the plaintiff Rigoberto Valdon-Barrios as a cook at the defendants' restaurant.

56.     The plaintiff Rigoberto Valdon-Barrios worked for the defendants approximately 54 hours per week, and then 64 hours per week commencing in approximately January 2012.

57.     The defendants paid the plaintiff Rigoberto Valdon-Barrios approximately between $7.50 and $9.50 per hour.

58.     The defendants paid the plaintiffs and the collective action members less than the applicable minimum wage for the hours the plaintiffs and each of the collective action members worked.

59.     The plaintiffs and each of the collective action members worked in excess of forty hours a week, yet the defendants willfully failed to pay the plaintiffs and each of the collective action members overtime compensation for the overtime hours worked.

60.     The defendants misused tips belonging to the plaintiff and the collective action members.

61.     The plaintiffs worked more than ten hours each day, yet the defendants willfully failed to pay the plaintiffs spread of hours wages.

62.     When the defendants hired the plaintiffs, the defendants never furnished the plaintiffs with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

63.     The defendants paid the plaintiffs wages without any accompanying statement containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

64.     Upon information and belief, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and NYLL.

65.     Upon information and belief, while the defendants employed the plaintiffs and the collective action members, the defendant failed to maintain accurate and sufficient records.

FIRST CLAIM FOR RELIEF:
FAIR LABOR STANDARDS ACT

66.     The plaintiffs, on behalf of the plaintiffs and the collective action members, reallege and incorporate by reference paragraphs 1 through 65 as if they were set forth again herein.

67.     At all relevant times, the defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.     At all relevant times, the defendants employed the plaintiffs and each of the collective action members within the meaning of the FLSA.

69.     Upon information and belief, during each of the three years preceding the date of this complaint, the defendants have had gross revenues in excess of $500,000 per year.

70.     The defendants willfully failed to pay the plaintiffs and the collective action members at the applicable minimum wage, in violation of the FLSA, 29 U.S.C. § 206.

71.     At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to the plaintiffs and each of the collective action members for the plaintiffs' and each of the collective action members' hours worked in excess of forty hours per workweek.

72.     As a result of the defendants' willful failure to lawfully compensate the plaintiffs and each of the collective action members at a rate not less than one and one-half times the

regular rate of pay for work performed in excess of forty hours in a workweek, the defendants have violated the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

73.     The defendants unlawfully misused tips paid by customers to the plaintiffs and the collective action members by failing to give to the plaintiffs and the collective action members tips to which they are entitled, in violation of the FLSA, 29 U.S.C. § 203(m), and 29 C.F.R. § 531.52.

74.     The defendants failed to keep records in accordance with the FLSA, 29 U.S.C. § 203(c), and 29 C.F.R. § 516.

75.     The defendants failed to post notices of the defendants' employees' rights under the law required by 29 C.F.R. § 516.4.

76.     Because of the defendants' failure to post notices of the defendants' employees' rights under the law, the plaintiffs and the collective action members are entitled to the equitable tolling of their claims from the start of the period of time during which the defendants failed to post such notices.

77.     Due to the defendants' FLSA violations, the plaintiffs and each of the collective action members are entitled to recover from the defendants the plaintiffs' and each of the collective action members' unpaid minimum wage and overtime compensation, misused tips, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

78.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning 29 U.S.C. § 255(a).

SECOND CLAIM FOR RELIEF:
NEW YORK LABOR LAW

79.     The plaintiffs reallege and incorporate by reference paragraphs 1 through 78 as if they were set forth again herein.

80.     At all relevant times, the plaintiffs were employed by the defendants within the meaning of N.Y. Lab. Law §§ 2 and 651, and 12 N.Y.C.R.R. 146-3.2.

81.     From January 1, 2005, until December 31, 2005, the applicable minimum wage was $6.00 per hour, and from January 1, 2006, until December 31, 2006, $6.75, and from January 1, 2007, until July 23, 2009, $7.15, and from July 24, 2009 until the present, $7.25, according to N.Y. Lab. Law § 652(1) and 12 N.Y.C.R.R. 146-1.2.

82.     The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs the applicable minimum wage for the hours the plaintiffs worked, in violation of N.Y. Lab. Law § 652(1) and 12 N.Y.C.R.R. 146-1.2.

83.     The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs overtime compensation at a rate not less than one and one-half times the plaintiffs' hourly wage for each hour worked in excess of forty hours per workweek, in violation of 12 N.Y.C.R.R. 146-1.4.

84.     The defendants willfully violated the plaintiffs' rights by failing to pay the plaintiffs spread of hours compensation, an additional hour of pay for days in which the employee worked in excess of ten hours, in violation of 12 N.Y.C.C.R. § 146-1.6.

85.     The defendants willfully violated the plaintiffs' rights by unlawfully retaining gratuities owing to the plaintiffs, in violation of N.Y. Lab. Law § 196-D.

86.     The plaintiffs are entitled to recover from the defendants the plaintiffs' unpaid minimum wage, overtime, spread of hours, unlawfully retained gratuities, liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL.

87.     The defendants failed to furnish to the plaintiffs at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

88.     Due to the defendants' violation of N.Y. Lab. Law § 195(1), the plaintiffs are entitled to recover from the defendants liquidated damages of $50.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-b).

89.     The defendants failed to furnish to the plaintiffs with each wage payment a statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as

14

part of the minimum wage; and net wages; in violation of N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

90.     Due to the defendants' violation of N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, the plaintiffs are entitled to recover from the defendants liquidated damages of $100.00 per workweek that the violation occurred, up to a maximum of $2,500.00, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

91.     The defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

92.     The defendants failed to post notices of the defendants' employees' rights under the law required by 12 N.Y.C.C.R. § 146-2.4.

<u>PRAYER FOR RELIEF</u>

Wherefore, the plaintiffs, on behalf of the plaintiffs and the collective action members, pray this Court grant as relief:

a.     designation of this action as a collective action on behalf of the collective action members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA opt-in class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to become party plaintiffs pursuant to 29 U.S.C. § 216(b) and appointing the plaintiffs and the plaintiffs' attorneys to represent the collective action members;

b.     a declaratory judgment that the practices complained of herein are unlawful under the FLSA and the NYLL;

c.    an award of unpaid minimum wage and overtime compensation and misused tips due under the FLSA;

d.    an award of liquidated damages due to the defendants' willful failure to pay minimum wage and overtime compensation and misuse of tips, pursuant to 29 U.S.C. § 216;

e.    for the plaintiffs, an award of unpaid minimum wage, overtime, and spread of hours compensation, and gratuities unlawfully retained by the defendants, pursuant to the NYLL;

f.    for the plaintiffs, an award of liquidated damages due to the defendants' willful failure to pay minimum wage, overtime, and spread of hours compensation, and unlawful retention of gratuities by the defendants, pursuant to the NYLL;

g.    for the plaintiffs, an award of liquidated damages as a result of the defendants' failure to furnish a notice at the time of hiring pursuant to the NYLL;

h.    for the plaintiffs, an award of liquidated damages as a result of the defendants' failure to furnish statements with each payment of wages pursuant to the NYLL;

i.    an award of prejudgment interest pursuant to the New York Civil Practice Law and Rules, § 5001;

j.    an award of postjudgment interest;

k.    an award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

l.    such other and further relief as this court deems just and proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the plaintiffs, on behalf of the plaintiffs and the collective action members, demand a trial by jury on all questions of fact raised by the complaint.

LAW OFFICE OF JUSTIN A. ZELLER, P.C.

By: _____

Brandon D. Sherr (BS2680)
bsherr@zellerlegal.com
Justin A. Zeller (JZ7094)
jazeller@zellerlegal.com
277 Broadway Ste 408
New York, NY 10007-2036
Telephone: (212) 229-2249
Facsimile: (212) 229-2246
**ATTORNEYS FOR PLAINTIFFS**

Dated: New York, New York
      July 11, 2012